UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARLTON HARRISON,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )          No. 4:19CV002857 ERW
                                     )
UNITED STATES of AMERICA,            )
                                     )
            Respondent.              )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Carlton Harrison's *pro se* Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence [ECF No. 1].  In his motion, Harrison raises one claim for post-conviction relief.  He argues his conviction under 18 U.S.C. Section 922 (g)(1) is unconstitutional.  As the record before the Court conclusively demonstrates Harrison is not entitled to relief, the Court will deny Harrison's petition without an evidentiary hearing.

**I.    STATEMENT OF FACTS[1]**

On July 8, 2018, Officer Santoyo was traveling east on Bircher Avenue in St. Louis when he saw a woman coming from a porch. The woman stated a vehicle struck multiple other vehicles on Jennings Station Road and then drove off at a high rate of speed heading north. When Officer Santoyo got to the intersection of Jennings Station Road and Bircher Avenue, he saw two cars that had been in an auto accident.  At the next intersection, he saw a vehicle that had crashed into a light pole. That vehicle appeared to have left the initial scene of the accident

---

[1] The statement of facts herein has been taken in substantive part from the Statement of Facts contained in the Guilty Plea Agreement entered into between the parties and accepted by the Court.  *See United States v. Carlton Harrison*, No. 4:18CR612 ERW ("Criminal Case").

shortly before crashing into the pole.  Officer Santoyo saw Carlton Harrison  ("Harrison")

exiting that vehicle.    As the officer checked for passengers in the car, Harrison fled on foot.

Harrison proceeded to resist arrest, pushing the officer and grabbing him. A one point, Officer

Santoyo observed the outline of a gun under Harrison's shirt.  Officer Santoyo tased Harrison

and yet, Harrison continued reaching for his firearm.

Officers recovered a Smith and Wesson .38 Special from Harrison.  The officers also

found a small clear plastic bag, containing a green leafy substance, a white capsule, and a hard,

white powdery rock, that Harrison attempted to swallow.  Harrison admitted to knowing

possession of the firearm, which was manufactured outside of Missouri.  Prior to July 8, 2018,

Harrison had been convicted of at least one felony crime in a court of law punishable by

imprisonment for a term exceeding one year.

## II.    PROCEDURAL HISTORY

As a result of the aforementioned conduct, on or about July 18, 2018, a federal grand jury

charged Petitioner with one count of being a felon in possession of a firearm, in violation of Title

18, United States Code, Section 922(g)(1).   On March 1, 2019, Petitioner pleaded guilty to the

one-count indictment pursuant to a Guilty Plea Agreement.  The Plea Agreement provided in

pertinent part:

> As to Count One, the Defendant admits to knowingly violating Title 18, United States
> Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully
> understands that the elements of the crime are as follows:
> (i)     The Defendant had been convicted of a crime punishable by imprisonment for a
>         term exceeding one year;
> (ii)    The Defendant thereafter knowingly possessed a firearm; and
> (iii)   The firearm was transported across a state line at some point during or before the
>         Defendant's possession of it.

ECF No. 30 at ¶ 3.[2]

Petitioner admitted in the Plea Agreement prior to the July 8, 2018 offense for which he was pleading guilty, he was "convicted of at least one felony crime in a court of law punishable by imprisonment for a term exceeding one year." *Id.* at 4.  Pursuant to the Plea Agreement, Petitioner agreed to "waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." *Id.* at ¶ 7(A)(i).  Similarly, Petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at ¶ 7(A)(B).

During the change of plea colloquy, Petitioner admitted he was guilty of each of the elements of the crime to which he was pleading and the Facts as set forth in the Plea Agreement, including that he has been convicted of at least one felony punishable by imprisonment for a term exceeding one year.  ECF No. 50 at 13.   Petitioner indicated he had read the Plea Agreement in its entirety and had the opportunity to fully discuss it with his counsel.  *Id.*  The Court confirmed Petitioner was fully apprised he was waiving his right to post-conviction relief, except for claims of prosecutorial misconduct or ineffective assistance of counsel.  *Id.* at 18-19.

 Petitioner appeared before the Court for sentencing on June 5, 2019.  During the hearing, Petitioner again confirmed that he was a previously convicted felon. ECF No. 50 at 4.  Specifically, the Court and Petitioner had the following exchange:

THE COURT: . . . . First, turning to the guideline calculation, the 2018 version of the manual was used to make recommendations in this case. The guideline for violation of Title 18 United States Code § 922(g)(1) is found in 2K2.1. That section provides that a

[2] All citations to the District Court docket refer to Defendant's Criminal Case (4:18CR612 ERW) unless otherwise indicated.

3

defendant who committed any part of the instant offense subsequent to sustaining one felony conviction that would be either a crime of violence—assault 2nd degree, Docket No. 2197R-0684-01 —or a controlled substance offense has a base offense level of 20, and that would be under 2K2.1(a)(4)(A). Is it your understanding that you have been a previously convicted felon, sir?
PETITIONER: Yes, sir.

*Id.* at 3-4.

Neither party objected to the Presentence Investigation Report. The Court adopted the factual findings and guideline calculations found in the PSR.  The Court then sentenced Petitioner to a below guidelines sentence of 40 months.  Petitioner did not appeal his conviction or sentence.  On October 17, 2019, Petitioner filed the instant motion for post-conviction relief.

III.    STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default.  A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).  Claims, including those concerning constitutional and jurisdictional issues, unraised on

direct appeal cannot subsequently be raised in a 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*.  Additionally, a petitioner's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal.  *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).  A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief."  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted).  However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## IV.  DISCUSSION

Petitioner asserts one ground for post-conviction relief in his Motion.  In his sole ground, Petitioner claims his "conviction for 18 U.S.C. Section 922 (g)(1) is unconstitutional."  He asserts Section 922(g) is unconstitutionally vague based upon "a newly decided United States Supreme Court ruling."  Petitioner appears to argue his conviction under Title 18, United States

Code, Section 922(g)(1) is unconstitutional or unlawful in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[3]

In *Rehaif*, the Supreme Court held the knowledge requirement in Title 18, United States Code, Section 924(a)(2) applies not only to the defendant's possession of a firearm or ammunition, but also to his prohibited status. Specifically, according to *Rehaif*, in prosecutions under Section 922(g)(1), the United States must prove, in addition to knowing possession, that at the time of that possession, the defendant knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year. This requirement under *Rehaif*, however, does not demand proof the defendant specifically knew he was legally prohibited from possessing a firearm.

Although Petitioner does not identify with specificity how his conviction violates *Rehaif*, the Court assumes he is referring to this newly recognized knowledge requirement.  The Court finds, however, that Petitioner's claim should be dismissed as waived, procedurally defaulted, and on the merits as discussed below.

### 1. Pursuant to the Plea Agreement, Petitioner Has Waived His Right to Bring this Claim.

In his Plea Agreement, Petitioner explicitly waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." ECF No. 30 at ¶ 7. It is well established a defendant may waive his or her Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and

---

[3] Petitioner also briefly references the decision in *United States v. Davis*, 139 S.Ct. 2319 (June 24, 2019), but fails to explain how the case applies to his conviction. The Court finds Petitioner's reference inapposite to the facts here as *Davis* dealt with convictions under Title 18, United States Code, Section 924(c), and Petitioner was charged with being a felon in possession.

its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). Exception to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. *Andis*, 33 F.3d at 891 (citing *DeRoo*, 223 F.3d at 923-24). Nevertheless, the Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Id.*

Here, Petitioner entered into the Plea Agreement, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding, knowingly and voluntarily. Furthermore, Petitioner has not established enforcement of the waiver would result in a "miscarriage of justice." In his Motion, after referencing *Rehaif* as a basis for relief, Petitioner states he is "actually innocent" of the alleged violation because 18 U.S.C. Section 922(g) is unconstitutionally vague. However, a review of the facts admitted by Petitioner in the PSR and Plea Agreement and confirmed during the change of plea and sentencing hearings contradict any claim of actual innocence.

For example, Petitioner admitted in the Plea Agreement that prior to the offense for which he was pleading guilty, he was "convicted of at least one felony crime in a court of law punishable by imprisonment for a term exceeding one year." ECF No. 30 at 4. During the change of plea hearing, Petitioner confirmed that he had read the Plea Agreement and he admitted he was guilty of each of the elements of the crime to which he was pleading. Defendant stated he did not disagree with the factual basis of the plea as set forth by the AUSA, including that prior to July 8, 2018, he had been convicted of at least one felony punishable by imprisonment for a term exceeding one year. ECF No. 50 at 13.

In addition, the PSR, to which Petitioner did not object in pertinent part, set forth the Petitioner's following felony convictions:

> • July 3, 1991, convictions in the St. Louis County, MO, Circuit Court for assault on a law enforcement officer first degree, armed criminal action, and assault first degree, Docket No. 2190R-06016-01; and

> • March 1, 1999, conviction in the St. Louis County, MO, Circuit Court, for assault in the second degree, Docket No. 2197R-06848-01.

ECF  No. 33 at 7-8.

Importantly, according to the PSR and court records, with respect to his 1991 convictions, Petitioner was sentenced to a term of ten years' imprisonment.  ECF No. 33 at ¶ 34. Although paroled on June 25, 1996, his parole was subsequently revoked on March 3, 1998. Petitioner was not discharged on his assault convictions until August 2000.  With respect to his 1999 conviction, the record indicates he was sentenced to seven years imprisonment.  Petitioner was paroled in March 2002 but was revoked approximately eight months later.  Petitioner was not discharged on his 1999 conviction until August of 2009.

Certainly, based on the nature of his prior convictions and the amount of time he was sentenced and incarcerated, Petitioner cannot now allege that on July 8, 2018, when he committed the instant offense for which he was convicted, he did not know he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Furthermore, Petitioner fails to allege any new and reliable evidence that indicates his innocence. As a result, Petitioner cannot show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes for which he was convicted.  *See Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

Accordingly, the Court finds Petitioner has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

## 2. Petitioner's Claim is Procedurally Defaulted.

The Supreme Court has made clear a defendant may properly claim in a Section 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974); *See id.* at 346-47 ("There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))).  Because *Rehaif* narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1267 (2016); *Ramsey v. United States*, 2020 WL 5230891 at * 10 (E.D. Mo. Sept. 2, 2020).

As a general rule, claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003); see also *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).  Here, Petitioner failed to preserve a knowledge-of-prohibited-status objection in his direct proceedings or on appeal.  Accordingly, Petitioner's *Rehaif* claim is subject to procedural default.

To overcome procedural default, Petitioner must either show both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error, or that he is actually innocent. *Bousley v.*

*United States*, 523 U.S. 614, 622 (1998). Here, Petitioner has not alleged, much less established, the requisite showing of "cause."[4] Even assuming arguendo Petitioner could successfully show cause for his procedural default, the record establishes he cannot show the alleged *Rehaif* error resulted in actual prejudice. Petitioner is unable to demonstrate a reasonable probability that but for the error he would not have entered the plea.

Because Petitioner cannot satisfy the "cause and prejudice" showing, he must make a threshold showing of "actual innocence." *Smith v. Murray*, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires Petitioner to show that it was "more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S at 327-28. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "[A] petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. *Brown v. United States*, No: 4:19CV1891 HEA, 2020 WL 7181315 at * 3 (E.D. Mo. Dec. 7, 2020). In analyzing a claim of actual innocence, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S at 328.

Petitioner has not alleged actual (or factual) innocence. Petitioner only offers an

---

[4] To the extent Petitioner should attempt to invoke "futility" to satisfy the "cause" showing, the Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that time," with only a narrow carve-out for a hypothetical claim that "is so novel that its legal basis is not reasonably available to counsel." *Bousley*, 523 U.S. at 622-23 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1985)). The question presented in *Rehaif* was thoroughly and repeatedly litigated in the courts of appeals over the last three decades, and as such, it does not qualify under the novelty exception. *Id.* at 622.

argument of *legal in*sufficiency by alleging that he is "actually innocent" because 18 U.S.C.

Section 922 (g) is unconstitutionally vague.  Moreover, as discussed in Section 1 above, any

claim of actual innocence by Petitioner would fail.  Any notion Petitioner was somehow unaware

of his status as a convicted felon is implausible. As the Eighth Circuit has recognized, the "lack

of a plausible ignorance defense means that any § 922(g) defendant who served more than a year

in prison on a single count of conviction will face an uphill battle to show that a Rehaif error in a

guilty plea affected his substantial rights.  *United States v. Caudle*, 986 F.3d 916, 922 (8th Cir.

2020) (citation omitted).  *See also United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir.

2019) (applying plain error review to *Rehaif* claim raised on direct appeal and concluding that,

because defendant had served approximately four years in prison on prior conviction, he could

not "show a reasonable probability that, but for the error, the result of the proceeding would have

been different."); *United States v. Everett*, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); *United

States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (no plain error when defendant was

previously incarcerated for more than one year). Thus, the Court finds Petitioner cannot establish

actual innocence and his claim is procedurally defaulted.

### 3. Petitioner's Claim Fails on The Merits.

As noted above, a claim of ineffective assistance of counsel may constitute an exception

to a petitioner's waiver of his Section 2255 rights. Here, Petitioner alleges one ground for relief

under *Rehaif* in his § 2255 Motion – that his conviction under 18 U.S.C. 922 (g)(1) is

unconstitutional.  Petitioner does not specifically raise a claim for ineffective assistance of

counsel.  However, he states in his first ground that no appeal was filed as "[his] attorney did not

know the law was unconstitutional."  As noted above, a claim of ineffective assistance of counsel

may constitute an exception to a petitioner's waiver of his Section 2255 rights.

11

To establish a claim for ineffective assistance of counsel, a defendant must show the counsel's performance was deficient and counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the first prong, the measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688.  "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  To establish the second prong of prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  When a defendant has pled guilty, the defendant must demonstrate there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  A court need not address both prongs of the analysis if the defendant makes an insufficient showing on either prong. *Strickland*, 466 U.S. at 697.

A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).  When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. *Id*.  "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988).

To the extent Petitioner alleges ineffective assistance of counsel to circumvent the waiver in his Plea Agreement, his claim fails under the first prong of the *Strickland* test, as "counsel [is]

12

not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim." *United States v. Garza*, 340 Fed.Appx. 243, 244-45 (5th Cir. 2009) (per curiam); *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (not ineffective assistance of counsel to "fail[ ] to anticipate a change in the law"); *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) (same). The opinion in *Rehaif* was issued on June 21, 2019, well after Petitioner was indicted, convicted, and sentenced in the underlying criminal case. Prior to that, every court of appeals to consider the issue, including the United States Court of Appeals for the Eighth Circuit, had determined that the knowledge requirement in Section 924(a)(2) applied only to the defendant's possession of a firearm or ammunition, not to his restricted status. *See Ramsey v. United States*, No. 4:19CV2643 SNLJ, 2020 WL 5230891, at *8– 11 (E.D. Mo. Sept. 2, 2020) (listing United States Court of Appeals cases).

Because Petitioner cannot establish defense counsel's performance was deficient by failing to move to dismiss the indictment on that ground, this Court will dismiss his claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1996) (failure to satisfy both prongs of the *Strickland* analysis is fatal to the claim).

## V.     CONCLUSION

The records and files in this case conclusively establish Petitioner is not entitled to relief. Therefore, the Court denies Harrison's § 2255 petition [ECF No. 1] without an evidentiary hearing.

## VI.    CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining a substantial showing is a showing the

issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** the Motion to Vacate, Set aside or Correct Sentence [ECF No. 1] is **DENIED**. Petitioner's Motion is **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's Motion

So ordered this 9th day of March, 2021.

_____

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**